IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARON E. BARBER, <br><br>                        **Plaintiff,** <br><br>v. <br><br>SOCIAL SECURITY ADMINISTRATION, VETERANS ADMINISTRATION, JAMES JONES, PAM OLIVER, et. al., <br><br>                        **Defendants.** | 1:13-cv-2836-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss [10-1].

**I.     BACKGROUND**

On August 23, 2013, Plaintiff Sharon E. Barber ("Plaintiff") filed this action in the Superior Court of Fulton County, Georgia against the Social Security Administration ("SSA"), Veterans Health Administration ("VA"), James Jones ("Mr. James"), Pam Oliver ("Oliver"), Eric K. Shinseki (the secretary of VA), James A. Peake (former secretary of VA), and Jacqueline E. Monroe (collectively, "Defendants"). Plaintiff's Complaint is largely incomprehensible, but appears to assert that the SSA and VA employees, specifically Mr. James and Oliver engaged in a "conspiracy" to defraud Plaintiff and that Defendants caused Plaintiff

"personal injury."  Plaintiff's Complaint [1-1, at 11] asserts claims for various intentional torts, including "willful destruction of federal documents," "perjury," "tampering with evidence," "conspiracy," negligence and medical malpractice. She asserts that [sic] she "[w]as forced to reapply for SSA, I was upset, crying, and Mr. James would not allow the other employees to assist me because he was afraid they would give me something that would prove he is doing exactly what I said." Plaintiff's claims appear to arise from her unsuccessful attempts to obtain certain disability benefits for injuries she sustained while on active duty in the United States Army from June 1980 to December 1986.[1]

The SSA and VA are United States agencies, and the SSA and VA Employees are officers of a United States agency.  On that basis, on August 23, 2013, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows the removal from state to federal court of any action against a United States agency and its officers.  On November 15, 2013, Defendants filed their Motion to Dismiss on the ground that the Court lacks subject matter jurisdiction because (i) Plaintiff failed to assert her claims in the manner

---

[1] This Court has previously dismissed Plaintiffs' claims, on two (2) occasions, for lack of subject matter jurisdiction.  See Barber v. SSA, Mr. James, 1:13-cv-1980; see also Barber v. VA, 1:12-cv-3462.  On April 22, 2013, and on October 11, 2013, this Court granted Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

prescribed in the Federal Tort Claims Act and (ii) Plaintiff's claims seek improper judicial review of a benefit determination.[2]

## II.     DISCUSSION

### A.     Legal Standard

Sovereign immunity shields the federal government from claims asserted against it, and, in the absence of a waiver of the government's sovereign immunity, federal courts lack subject matter jurisdiction over claims asserted against the federal government.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  A plaintiff has the burden of demonstrating that the federal government has waived its sovereign immunity with regard to the claims asserted against the government. Under the Federal Tort Claims Act, the federal government waives its sovereign

---

[2] On November 12, 2013, Plaintiff filed a motion for default judgment [6] on the grounds that Defendants failed to timely answer the Complaint and that she is entitled to judgment on the merits of her claims.  Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims based on Defendants' sovereign immunity, the Court cannot enter judgment against Defendants.  Cf. Jackson v. People's Republic of China, 794 F.2d 1490, 1496 n.2 (11th Cir. 1986) (recognizing that a default judgment entered against an entity with sovereign immunity would be void for lack of subject matter jurisdiction).  Nor does the Court need to consider Defendants' Motion for Extension of Time to File an Answer after the Expiration of the Designated Period [5], Plaintiff's motion for summary judgment [7], or Plaintiff's motion for emergency conference [8] because it lacks subject matter jurisdiction over Plaintiff's claims.  See MCI Telecomms. Corp. v. New York Tel., 134 F. Supp. 2d 490 (N.D.N.Y. 2001) (explaining that a motion to dismiss on the basis of sovereign immunity is a motion to dismiss based on lack of subject matter jurisdiction, rather than a motion for summary judgment).

immunity only if certain procedures are followed by the plaintiff, including that the plaintiff exhaust administrative remedies by presenting his claim, before filing suit, to the appropriate government agency. See 28 U.S.C. § 2675(a); see also Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (holding that courts lack jurisdiction over tort claims against the United States unless the procedures set forth in the Federal Tort Claims Act are followed).

B. Analysis

There is no dispute here that, before filing this action, Plaintiff failed to present the claims asserted in her Complaint to the VA, SSA, or any other federal agency, in conformity with the Federal Tort Claims Act.[3]  This failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over Plaintiff's claims, and this action is thus required to be dismissed.[4] See Turner, 514

---

[3] The VA Employees enjoy sovereign immunity to the same extent as the VA itself. See 38 U.S.C. § 7316(a), (f) (providing that the Federal Tort Claims Act provides the exclusive remedy for claims against VA employees while "furnishing health care or treatment . . . in the exercise of that employee's duties in or for the [VA]," including claims for intentional torts). Plaintiff's individual claims against Mr. James Jones and the other VA employees are thus required to be dismissed.

[4] Under the Federal Tort Claims Act, a suit against the United States is the exclusive remedy for persons with claims for damages arising from common law torts resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679(b)(1). Although it is not clear whether Oliver is an employee of the SSA or VA, Plaintiff's individual claims against Oliver are required to be dismissed.

F.3d at 1200.  Because Defendants enjoy sovereign immunity in this action, the Court does not reach Defendants' alternative argument that Plaintiff's claims should be dismissed pursuant to Rule 4 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [10-1] is **GRANTED**.  This action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT** [5, 6, 7, 8].

**SO ORDERED** this 30th day of June, 2014.